UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WATERMARK SENIOR LIVING
RETIREMENT COMMUNITIES, INC.,

       Plaintiff,

                                   Case No. 17-11886

v.

                                   Hon. John Corbett O'Meara

MORRISON MANAGEMENT
SPECIALISTS, INC.

       Defendant.

_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant Morrison Management Specialists, Inc.'s

motion to dismiss Plaintiff's complaint, which has been fully briefed. Pursuant to

L.R. 7.1(f)(2), the court did not hear oral argument.

## BACKGROUND FACTS

Plaintiff Watermark Senior Living Retirement Communities, Inc.

("Watermark") operates a nursing home in Franklin, Michigan. Watermark

contracted for Defendant Morrison Management Specialists, Inc. ("Morrison") to

provide kitchen and dining services at the facility. In 2012, Willie Mae Henderson,

an elderly patient with Alzheimer's, wandered away from her room and

subsequently died after drinking dishwashing detergent.  Ms. Henderson's estate sued Watermark, alleging that the nursing home was negligent in understaffing its facility and improperly maintaining and securing the kitchen cabinet where the detergent was located.

Watermark did not bring Morrison in as a third-party defendant.  The Henderson lawsuit went to trial in October 2015 in Oakland County Circuit Court. Watermark argued at trial that Morrison employees locked the cabinet doors in question, but that some unknown person pried open the cabinet between the time those employees left and when Ms. Henderson ingested the detergent.  The jury found Watermark to be negligent and awarded $5.08 million to Ms. Henderson's estate.  See Def.'s Ex. C (Trial Transcript) at 123-25.  A judgment in favor of the Henderson estate was entered on November 4, 2015.  Watermark filed a motion for judgment notwithstanding the verdict, new trial, or remittitur, which was denied by the court.  See Pl.'s Br. at 4.  The court also awarded case evaluation sanctions against Watermark.

Subsequently, rather than appealing the judgment, Watermark settled with the Henderson estate for $3,650,000. Compl. at ¶ 16.  On December 1, 2016, the court entered a stipulated order setting aside the judgment and dismissing the action "with prejudice and without costs to either party." Pl.'s Ex. B.

On May 23, 2017, Watermark filed this action against Morrison, alleging claims of contractual indemnification and breach of contract. Watermark alleges that Morrison breached its contractual duties to Watermark by failing to safely operate and maintain the nursing home's kitchen. Specifically, Watermark contends that Morrison's negligent failure to lock the kitchen cabinet allowed Ms. Henderson to access the detergent, which led to her death. Compl. at ¶¶ 5-8, 10-11, 21-22. Watermark seeks $3,650,000 in damages from Morrison.

## LAW AND ANALYSIS

### I.     Standard of Review

Morrison has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Watermark's claims are precluded by collateral estoppel. To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. See also Hensley Manuf. v. Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009). "Although typically courts are

limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." <u>Buck v. Thomas M. Cooley Law Sch.</u>, 597 F.3d 812, 816 (6th Cir. 2010).

## II.    **Collateral Estoppel**

"Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." <u>Abbott v. Michigan</u>, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. § 1738).  This court, therefore, must look to Michigan law to determine the preclusive effect of the judgment in the Henderson lawsuit against Watermark.  Under Michigan law, in general three elements must be satisfied for collateral estoppel to apply: "(1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel." <u>Monat v. State Farm Ins. Co.</u>, 469 Mich. 679, 682-84 (2004) (citation omitted). However, "where collateral estoppel is being asserted defensively against a party who has already had a full and fair opportunity to litigate the issue, mutuality is not required." <u>Id.</u> at 695.

In its complaint, Watermark alleges Morrison was responsible for leaving a

cabinet unlocked and allowing Ms. Henderson to access toxic detergent. Compl. at ¶¶ 5-8. This issue is central to both of Watermark's claims of contractual indemnification and breach of contract. See id. at ¶¶ 10-11, 20-22. Watermark does not dispute that it actually litigated this issue, and that it had a full and fair opportunity to do so, in the Henderson lawsuit. Indeed, the Henderson estate alleged that Watermark was responsible for the unlocked cabinet and for allowing Ms. Henderson to wander unsupervised. This issue was presented to the jury, which found in favor of the estate. A judgment was entered, and the court denied Watermark's motion for post-trial relief.

Watermark contends that because the judgment was subsequently vacated due to settlement, there is no "valid and final judgment" upon which to apply collateral estoppel.[1] It is true that a judgment that has been set aside on appeal has no preclusive effect. See generally Erebia v. Chrysler Plastic Prods. Corp., 891

---

[1] The United States Supreme Court has held that federal courts should not vacate judgments as a result of settlement. U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 26, 29 (1994) ("Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.") (citation omitted).

F.2d 1212, 1215 (6th Cir. 1989) (judgment reversed on appeal has no preclusive effect).  Watermark cites no authority, however, for the proposition that a judgment vacated by stipulation of the parties is not "valid and final" for the purposes of collateral estoppel.

Although Michigan courts have not directly addressed whether a judgment vacated as a condition of settlement can have a preclusive effect, the weight of authority indicates that giving such a judgment preclusive effect is consistent with the policy considerations underpinning the doctrine of collateral estoppel.  The doctrine of collateral estoppel is intended "to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decision, encourage reliance on adjudication." Monat, 469 Mich. at 692-93 (quoting Detroit v. Qualls, 434 Mich. 340, 357 n.30 (1990)).

Section 13 of the Restatement of Judgments acknowledges that "[t]he rules of res judicata are applicable only when a final judgment is rendered."  The Restatement further provides, "[h]owever, for purposes of issue preclusion (as distinguished from merger and bar), 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."  Restatement (Second) of Judgments § 13 (1982) (emphasis added).  By the standards set forth in comment g of Section 13, a

judgment vacated by settlement should be considered "sufficiently firm" to be accorded preclusive effect:

> [P]reclusion should be refused if the decision was avowedly tentative. On the other hand, that the parties were fully heard, that the court supported its decision with a reasoned opinion, that the decision was subject to appeal or was in fact reviewed on appeal, are factors supporting the conclusion that the decision is final for the purpose of preclusion.

Id. at cmt. g.

In the Henderson lawsuit, the parties were fully heard, the jury issued a verdict, a judgment was entered, and post-trial relief was denied by the court. Watermark relinquished its right to appeal and entered into a settlement. Under these circumstances, the judgment should be considered "sufficiently firm" to have a preclusive effect. To allow Watermark to re-litigate the factual issues regarding responsibility for Ms. Henderson's death would create the possibility of inconsistent judicial decisions and "require the judicial system to employ scarce resources repeatedly adjudicating the same issue," which "would only weaken our judicial process." Monat, 469 Mich. at 693.

Courts that have considered the issue have reached the same conclusion. See, e.g., Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213 (3d Cir. 2003) (giving preclusive effect to judgment vacated by settlement); Bates v. Union

Oil Co. of Calif., 944 F.2d 647 (9th Cir. 1991) (same).  The Sixth Circuit gave preclusive effect to a court's findings of fact and conclusions of law, even though the plaintiff voluntarily dismissed the action before a formal judgment was entered. Employees Own Federal Credit Union v. City of Defiance, Ohio, 752 F.2d 243 (6th Cir. 1985) (finding court's "opinion with detailed findings of fact and conclusions of law" to be "sufficiently firm to be accorded conclusive effect") (citing Restatement (Second) of Judgments § 13).  Based on the foregoing authority, the court finds that the judgment in the Henderson lawsuit is sufficiently firm to be accorded preclusive effect.  "One bite at the apple is enough." Id.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED.

s/John Corbett O'Meara
United States District Judge

Date:  August 22, 2017


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 22, 2017, using the ECF system.


s/William Barkholz
Case Manager